IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

CASE NO.:

DONNA SCHMIDT
    Plaintiff
vs.
FARMERS CASUALTY INSURANCE COMPANY
    Defendant
_____/

## COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, **DONNA SCHMIDT**, by and through the undersigned counsel, and hereby sues the Defendant, **FARMERS CASUALTY INSURANCE COMPANY**, for damages and in support thereof alleges as follows:

### JURISDICTION AND PARTIES

1. This is an action for damages under an insurance policy resulting from loss of property in a value in excess of $30,000, exclusive of costs, interest and attorney's fees.

2. That at all times material hereto, the Plaintiff was and is a resident of **LEE COUNTY** Florida and is otherwise *sui juris*.

3. The Defendant, FARMERS CASUALTY INSURANCE COMPANY, was and is a Florida corporation, by and through its officers, representatives and agents, who conducted business operations in the County of Lee, State of Florida for the purposes of selling homeowner insurance policies.

**COMMON ALLEGATIONS**

4.  Plaintiff purchased from Defendant and maintained in full force and effect, by and through the payments of premiums, a certain homeowner's insurance policy bearing policy number 8994040031 (the "Policy").

5.  Plaintiff does not have a true and complete copy of the Policy, but Defendant does have a true and correct copy of the Policy. Plaintiff reserves the right to supplement this Complaint by filing a true and correct copy of the Policy upon receipt from Defendant pursuant to the discovery filed in this action.

6.  Such Policy was issued by the Defendant to the Plaintiff and provided insurance coverage for the Plaintiff's dwelling located at 17520 Azalea LN, Fort Myers, FL 33931 (hereinafter the "Premises").

7.  Pursuant to the Policy provisions, Defendant insured, subject to certain exclusions and conditions, the Plaintiff's property located at the Premises.

8.  On or about 9/28/2022, Hurricane Ian caused a covered loss and substantial damage to the Plaintiff's property which was covered under a policy of insurance issued by the Defendant which was at the time of the loss in full force and effect (hereinafter the "Loss").

9.  Plaintiff timely filed a notice of the Loss to the Defendant and has otherwise performed all conditions precedent to recover under the Policy and under the applicable Florida Statutes.

10. Defendant, despite having received and processed such claim, has refused and continues to refuse to pay the full amount of Plaintiff's claim.

11. In addition, the Plaintiff and/or Plaintiff's representatives forwarded the Defendant an estimate of the damage incurred by the Plaintiff as a result of the loss. A true and correct copy of the estimate is attached hereto and incorporated herein as Exhibit "A".

12. The Defendant has failed to timely evaluate and pay the full amount of Policy benefits owed to the Plaintiff under the terms of the Policy.

13. The Plaintiff, as a result of Defendant's failure to comply with the terms of the policy has suffered damages to the Premises.

14. Plaintiff has performed all conditions precedent to filing this action and/or any and all conditions precedent have been otherwise met or waived.

15. Plaintiff has complied with all post loss obligations set forth in the insurance policy as requested by Defendant.[1]

16. Plaintiff, as a result of Defendant's refusal to honor the contractual obligations contained in the Policy, has been forced to retain the legal services of MAC Legal, P.A. for the purposes of prosecuting the instant matter and such attorneys are entitled to a reasonable attorney's fees pursuant to §627.428, Florida Statutes. To the extent Defendant identifies themselves as a surplus lines insurer Plaintiff's request for reasonable attorney's fees is instead made pursuant to § 626.9373 of the Florida Statutes.

### COUNT I
### BREACH OF CONTRACT

17. Plaintiff re-alleges and re-asserts the aforesaid Common Allegations and incorporates them herein.

18. The Defendant's refusal to pay the full amount of the claim was contrary to the terms of the Policy and/or Florida law, and was a breach of said contract of insurance.

19. As a direct and proximate cause of the Defendant's acts and/or omissions, Plaintiff has been damaged in an amount to be determined at trial.

20. That as a direct and proximate cause of the Defendant's refusal to pay the full amount of the Plaintiff's claim, the Plaintiff has been required to retain the legal services of MAC Legal, P.A. for the

---

[1] Plaintiff has filed a Notice of Intent to Initiate Litigation with the insurance carrier prior to filing suit. However, by doing so Plaintiff does not concede to the applicability of Fla. Stat. 627.70152 to the current action and the subject policy.

purposes of prosecuting the instant matter and such attorneys are entitled to a reasonable attorney's fees pursuant to §627.428, Florida Statutes.

WHEREFORE, the Plaintiff demands judgment against the Defendant, FARMERS CASUALTY INSURANCE COMPANY, for damages, including, but not limited to, damage to the Premises, its contents, loss of use, costs, interest as allowed by law, reasonable attorney's fees pursuant to §627.428, Florida Statutes or § 626.9373 of the Florida Statutes, a trial by jury of all issues triable as a matter of right by jury and such other relief as this Court deems just and proper.

DATED:  July 21, 2023.

/s/
Michael A. Citron, Esq.
FBN: 105083
Kristen D. Montgomery, Esq.
FBN: 1003495
MAC Legal, P.A.
4601 Sheridan Street
Suite #205
Hollywood, FL 33021
Tel : 954.395.2954
Michael@maclegalpa.com
Service@maclegalpa.com